J-S30007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| KRISTINE MARIE MARTIN, | |
| Appellee | No. 1951 MDA 2016 |

Appeal from the Order Entered November 1, 2016
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000678-2016

BEFORE: SHOGAN, RANSOM, and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 22, 2017**

Appellant, the Commonwealth of Pennsylvania, appeals from the November 1, 2016 order granting the pretrial motion filed by Appellee, Kristine Marie Martin, and suppressing the results of her blood alcohol test.[1] Following our careful review of the record and the law, we affirm.

Appellee was charged with one count of driving under the influence of alcohol or a controlled substance pursuant to 75 Pa.C.S. § 3802(d)(1)(ii), second offense, graded as a first degree misdemeanor; one count of driving

---

[1] The Commonwealth may appeal an interlocutory order suppressing evidence when it provides a certification with its notice of appeal that the order terminates or substantially handicaps the prosecution. **Commonwealth v. Petty**, 157 A.3d 953, 954 n.1 (Pa. Super. 2017) (citing **Commonwealth v. Whitlock**, 69 A.3d 635, 636 n.2 (Pa. Super. 2013)); Pa.R.A.P. 311(d) (same). The notice of appeal contains the required certification.

under the influence of alcohol or a controlled substance pursuant to 75 Pa.C.S. § 3802(d)(2), second offense, graded as a first degree misdemeanor; and the summary offense of driving on roadways laned for traffic pursuant to 75 Pa.C.S. § 3309(1), in relation to an incident on New Year's Eve, 2015.

On July 21, 2016, Appellee filed an *omnibus* pretrial motion seeking suppression of blood test results in reliance upon ***Birchfield v. North Dakota***, ___ U.S. ___, 136 S.Ct. 2160 (2016). The trial court reported that "in lieu of [a] hearing, written stipulations of fact were submitted October 18, 2016," which the trial court incorporated into its Opinion on [Appellee's] *omnibus* pretrial motion. Opinion on [Appellee's] Omnibus Pre-Trial Motion, 11/1/16, at 1. The stipulated facts are as follows:

**<u>STIPULATION</u>**

The parties to the above-captioned matter stipulate to the following:

1) Kristine Martin was placed into custody for suspicion of DUI on 12/31/15 along Mt. Carmel Rd., Franklin Twp., Adams County at approximately 1022 hours.

2) Kristine Martin was read the previous version of the DL-26 form at Gettysburg Hospital, which included the prohibited language that refusal would lead to "more severe penalties . . . the same penalties that would be imposed if you were convicted of driving with the highest rate of alcohol, which include a minimum of 72 consecutive hours in jail and a minimum fine of $1,000, up to a maximum of five years in jail and a maximum fine of $10,000."

3) Following the reading of the DL-26 form, Kristine Martin consented to a blood draw for purposes of determining BAC and/or the presence of controlled substances.

Stipulation, 10/18/16, at 1.

On November 1, 2016, the trial court granted suppression of the blood-test results "[a]fter considering the factual stipulations of the parties" and "for the reasons set forth in the Honorable Thomas R. Campbell's Opinion of Commonwealth v. Dannie Stephenson at CP-01-CR-430-2016 (decided: August 16, 2016)." Opinion on [Appellee's] Omnibus Pre-Trial Motion, 11/1/16, at 1. The Commonwealth filed a timely notice of appeal; both the Commonwealth and the trial court complied with Pa.R.A.P. 1925.[2]

The Commonwealth raises the following single issue on appeal: "Did the Honorable Suppression Court err in applying the exclusionary rule and suppressing the results of Appellee's blood draw when a good faith exception to the rule should have been applied?" Commonwealth's Brief at 4.

Our standard of review of a trial court's order granting a motion to suppress evidence is well established. When the Commonwealth appeals from a suppression order, we follow a clearly defined standard of review and

_____

[2] In its Rule 1925(a) opinion, the trial court represented that "[a]ll issues which have been raised on appeal were addressed in this [c]ourt's Order dated November 1, 2016[,] and Judge Thomas R. Campbell's Opinion of Commonwealth v. Dannie Stephenson at CP-01-CR-430-2016, decided on August 16, 2016[,] and attached to this Opinion." Trial Court Opinion, 12/16/16, at 1.

consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the record, remains uncontradicted. **Petty**, 157 A.3d 953. The Pennsylvania Supreme Court has clarified that the scope of review for a suppression issue is limited to the record available to the suppression court. **In re L.J**., 79 A.3d 1073, 1085, 1089 (Pa. 2013). Moreover,

> [t]he suppression court's findings of fact bind an appellate court if the record supports those findings. The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts. **Commonwealth v. Miller**, 56 A.3d 1276, 1278–79 (Pa. Super. 2012) (citations omitted). "Our standard of review is restricted to establishing whether the record supports the suppression court's factual findings; however, we maintain *de novo* review over the suppression court's legal conclusions." **Commonwealth v. Brown**, 606 Pa. 198, 996 A.2d 473, 476 (2010) (citation omitted). **Commonwealth v. Korn**, 139 A.3d 249, 252–53 (Pa. Super. 2016).

**Commonwealth v. Runyan**, ___ A.3d ___, ___, 2017 PA Super 114, *3 (Pa. Super. 2017).

There was no testimony presented; rather, the parties stipulated to the facts surrounding Appellee's placement into custody and consent to the blood draw. It is well settled that the stipulation of facts is binding upon the court and the parties. **Commonwealth v. Mitchell**, 902 A.2d 430, 460 (Pa. 2006). Our Supreme Court stated in **Mitchell**, "A stipulation is a declaration that the fact agreed upon is proven, and a valid stipulation must be enforced according to its terms." **Id**.

- 4 -

Our review of the record, parties' briefs, and relevant law compels our conclusion that the trial court properly ordered suppression in the instant case because the "blood draw was not voluntary." Opinion on [Appellee's] Omnibus Pre-Trial Motion, 11/1/16, at 1; *See* Trial Court Opinion, 12/16/16 (attaching trial court opinion in *Commonwealth v. Stephenson*, Adams County docket number CP-01-CR-430-2016, at 4–11)[3] (concluding the trooper complied with Pennsylvania's then-valid implied consent statute pursuant to 75 Pa.C.S. § 1547(b); under *Birchfield*, police can no longer conduct warrantless blood tests based upon implied consent; *Birchfield* held criminal penalties imposed by implied consent laws vitiate consent to draw blood; good faith exception fails to further aims of Article I, Section 8 of Pennsylvania Constitution under these circumstances; the Commonwealth presented no evidence of exigent circumstances; Appellee asserted that the threat of enhanced criminal penalties coerced her consent to blood draw; Appellee was in custody when she signed the DL-26 form; DL-26 form advised that her refusal would compel imposition of harsher penalties; Appellee was not told that she could refuse blood draw; reasonable person in Appellee's position would consent to blood draw because refusal automatically meant harsher criminal punishment; under totality of circumstances, Appellee did not provide knowing and voluntary consent).

---

[3] *Commonwealth v. Stephenson*, 1482 MDA 2016 (Pa. Super. filed May 1, 2017) (unpublished memorandum).

*See* Appellee's *Omnibus* Pretrial Motion, 7/21/16, at ¶¶ 1–29.  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/22/2017